(28 Misc. Rep. 608.)

In re WORMSER.

(Surrogate's Court, New York County. July, 1899.)

1. TAXATION—PROPERTY SUBJECT TO TRANSFER TAX.
    On the hearing before an appraiser appointed under the transfer tax law, a written instrument between intestate and his brother was admitted in evidence, which recited that all the real and personal property, estate, and effects heretofore held or now or hereafter held in the joint names or the individual name of either party were held and owned jointly; but it was not urged by the surviving brother, or admitted by the next of kin, to be valid. The only evidence to support the claim that the property belonged to the surviving brother was the affidavit of the attorney of the next of kin, who was also attorney for the surviving brother, to the effect that he advised that under said agreement the surviving brother was entitled to the entire property of which intestate died seised. There was evidence that, under a co-partnership agreement between them, the assets

of the firm belonged one-half to each brother. Intestate's share, as well as his individual assets, was distributed among his children. *Held*, that the allowance of the appraiser, based on a compromise of the claim, was erroneous, and that the entire estate was taxable.

2. SAME—DEDUCTIONS.

In such case, where an action was pending against such firm, it was proper to withhold one-half the sum in litigation from appraisal and taxation during the pendency of the suit.

From an order fixing the transfer tax on the estate of Simon Wormser, deceased, the comptroller and the next of kin appeal. Appeals sustained.

Hoadly, Lauterbach & Johnson, for estate.

Emmet Olcott, for comptroller.

VARNUM, S. Appeals from an order fixing the transfer tax herein on the part of the comptroller, as well as by the next of kin. Upon the hearing of the appeals a motion was likewise made by the next of kin for a remission of penalty. The matters were originally submitted to Surrogate ARNOLD, and by stipulation filed herein they have been submitted, after argument, to me for disposition. The decedent died June 30, 1895, intestate, and letters of administration were not taken out until a date subsequent to the entry of the order appealed from. There was offered in evidence, and admitted, subject to objection, upon the hearing before the appraiser, a written agreement between the intestate and Isidor Wormser, his brother, dated March 27, 1877, which recites that the parties thereto "have been for a long time past, and are, jointly interested in both real and personal property, estate, and effects, some of which has appeared or appears in the individual name of one of them," and that, therefore, a declaration of trust is made, "that all the real and personal property, estate, and effects heretofore held or now or hereafter held in the joint names or the individual name of either of them are held and owned by the said Simon Wormser and Isidor Wormser jointly, whether the same has been and is in their joint names, or in the individual name of either of them." The execution of this agreement was proven by the affidavit of a subscribing witness, sworn to October 10, 1896, and it purports to have been recorded in the register's office on the 12th of that month. It does not appear that any such claim has been urged by the surviving member of the firm to which both belonged,— Isidor Wormser,—or that the said claim is admitted by the next of kin or heirs at law to be valid. On the contrary, it appears by an affidavit filed by Isidor Wormser, Jr., that under the co-partnership agreement the assets of the firm belonged one-half to each of the brothers, and the profits belonged in different proportions to them and to two nephews. Upon and after the death of Simon Wormser the share to which he was entitled in the assets of the firm of which he was a member and his individual assets were distributed among his children, share and share alike. Thus a practical construction has been given to the instrument by turning the property over to those entitled under the statutes of descent and distribution. The only evidence to support the allegation of such a claim is contained in an affidavit of the attorney for the appellants, who was likewise counsel

for Isidor Wormser, Sr., that he, said counsel, advised that under the agreement Isidor Wormser, Sr., was entitled to the entire property of which Simon Wormser died seised and possessed. The appraiser bases his allowance of $250,000 for a compromise of this claim upon this evidence on the advice given by the attorney as to the merits of the claim. The appeal of the comptroller relates to the allowance of this last-mentioned sum by the appraiser; he claiming that no such sum has been paid, nor has any agreement been made to pay the same, nor has it been in any way recognized as a valid claim by the next of kin. The only persons affected by the order appealed from are the children of decedent. Only one of them gave testimony before the appraiser, and he, instead of urging that the claim was bona fide and valid, alleges, in express terms, that the property in question belonged to his father, by virtue of the co-partnership agreement, and that upon the death of his father the share to which the latter was entitled in the assets of the firm of which he was a member, and his individual assets, were distributed among his children. The appeal on behalf of the comptroller to the allowance of any sum in compromise of this claim is sustained, and the objection of the next of kin to the taxability of any portion of the estate is overruled.

Among the deductions allowed by the appraiser from the value of the taxable property was the sum of $150,000, being one-half of the sum claimed by the Union Pacific Railroad in an action pending against the firm in the supreme court. It was proper to withhold this sum from appraisal and taxation during the pendency of the suit, but it would have been better practice that the order determining the tax should have contained an appropriate recital to the effect that the determination of the taxability of this sum is suspended until the disposition of the litigation.

The application to remit the penalty on the tax herein is denied, so far as it concerns such part of the tax as has already been fixed by the order which has been appealed from and paid, as no sufficient cause is shown to warrant my granting it. Transfer Tax Law, § 223. As to the tax upon the amount which has been added to the taxable value of the estate by my reversing the ruling of the appraiser in respect to the deduction made by him on account of the alleged claim of intestate's brother, it seems to me but fair to remit the penalty for the period intermediate the submission of this matter to my predecessor and the entry of the order upon this decision. As to the time previous to such period, I am, for the reason stated for my refusal to remit the penalty on the portion of the tax paid, unable to relieve the estate from the penalty upon the tax on such added amount.

Appeals sustained.